# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WOLFE, SALUSSOLIA, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant First Class RONDELL A. HILLIARD**
**United States Army, Appellant**

ARMY 20170377

Headquarters, Fort Bragg
Michael Hargis, Military Judge
Colonel Jeffrey C. Hagler, Staff Judge Advocate

For Appellant: Major Todd W. Simpson, JA; Captain Joshua B. Fix, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Hannah E. Kaufman, JA; Lieutenant Colonel Karen J. Borgerding, JA (on brief).

17 January 2019

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WOLFE, Senior Judge:

In May of 2015, appellant began regularly having sex with his sixteen-year-old biological daughter. About two years later, appellant's misconduct was discovered when his daughter became pregnant and his wife discovered his misdeeds.[1] Appellant's daughter testified that the sexual acts were not consensual and involved coercion, threats and physical violence. A military judge convicted appellant, contrary to his pleas, of two specifications of sexual assault and one

---

[1] As appellant is both the father and grandfather to his daughter's baby, we will avoid confusion by referring to the victim as appellant's daughter, and the child as appellant's granddaughter.

specification of adultery in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 (2012) (UCMJ).[2]

Appellant appeals his conviction and assigns three errors.[3]  We address in depth appellant's claim that the military judge allowed, over appellant's objection, the government to introduce evidence that he had beat his daughter on prior occasions.  We agree with appellant that the military judge erred, but do not find the error to have prejudiced appellant.

## LAW AND DISCUSSION

At trial the government sought to introduce evidence that appellant had hit his daughter on prior occasions.  The defense objected.  The military judge overruled the objection, but allowed a recess for the defense to interview appellant's daughter prior to cross-examination.

---

[2]  The military judge sentenced appellant to be dishonorably discharged from the Army, confined for sixteen years, and to be reduced to the grade of E-1.  The convening authority reduced appellant's sentence by ten days at action.

[3]  Appellant first claims the military judge applied the wrong law in determining the *mens rea* necessary to find appellant guilty of sexual assault.  *See generally Elonis v. United States*, 135 S. Ct. 2991 (2015).  The central holding in *Elonis* is applicable only in cases where it is necessary to separate wrongful conduct from innocent conduct.  *Id.* at 2010-11.  We do not decide whether a father having sex with and impregnating his biological daughter is "wrongful" for purposes of *Elonis* when the incestuous nature of the relationship was uncharged.  Rather, we find that in this judge alone trial where: (a) the judge made no relevant misstatements of the law; (b) the defense made no motions preserving the issue they now appeal; (c) the defense did not request special findings; and (d) after reviewing the entire record, there was no error that materially prejudiced appellant's substantive rights.

Appellant also claims the military judge erred in not suppressing the results of a DNA test.  Three different DNA tests all came to the same result - appellant was the father of his daughter and granddaughter.  The first test was questionably conducted.  For the second test, the military judge rejected appellant's claim that the results should have fallen within appellant's attorney-client privilege.  The government only introduced the results of the third test.  The military judge's findings that the third test was independent of any claim of privilege regarding the second test are not clearly erroneous.

### A. Was there error?

Military Rule of Evidence [Mil. R. Evid.] 404(b) allows the government to introduce evidence of an accused's prior acts for certain purposes. So that we can get to the heart of the issue, we briefly make the following threshold conclusions of law and fact.

First, evidence that appellant hit his daughter on prior occasions was logically relevant[4] to show why, in the context of a parental sexual relationship, his daughter did not consent to the sexual acts.

Second, to be admissible under Mil. R. Evid. 404(b), the government must notify the accused of its intent to use the evidence "before trial." The military judge may excuse the lack of notice for "good cause."

Third, the government did not answer the military judge's repeated questions as to whether they had provided the required notice to the defense. From this intransigence, it is a reasonable inference that notice was not provided. We so infer, and find as fact that no notice was provided.

Fourth, we assume that the evidence, except for the issue of notice, was otherwise admissible under Mil. R. Evid. 404(b) to show both that appellant's daughter did not subjectively consent, and to demonstrate appellant's intent and awareness of the lack of consent.[5]

Fifth, both parties agree on appeal that the defense team was not surprised by the allegation that appellant had previously hit his daughter. More specifically, descriptions of the prior assaults were contained in the government's pretrial discovery to the defense team and the defense did not claim that they were unaware of the accusations.

With these threshold issues resolved, we must next determine whether there was good cause to excuse the government's failure to provide timely notice.

At trial, the government's only stated excuse for why it did not provide notice was a mistaken belief that the evidence did not fall within Mil. R. Evid. 404(b). The government did not offer support for its bare assertion. For example, the trial

---

[4] *See* Mil R. Evid. 401-402.

[5] Neither the parties nor the military judge articulated whether the proffered testimony would be admissible under the test established in *Untied States v. Reynolds,* 29 M.J. 105, 109 (C.M.A. 1989).

counsel did not point to case law that he had reasonably relied on. The government did not point to any reliance on pretrial rulings by the judge. Nor was the lack of notice due to the evidence being newly discovered.

On appeal, the government asserts that the trial counsel's disclosure of the daughter's pretrial statements to the defense, "can provide a basis upon which a military judge can find good cause [to excuse] a lack of pretrial notice." The government relies on two unpublished cases from our sister courts in support.[6] We respectfully disagree.

There is a difference between when a rule requires *disclosure* of evidence and when a rule requires *notice*. *Compare* Mil. R. Evid. 304(d) (requiring *disclosure* of an accused's pretrial statements) *with* Mil. R. Evid. 807(b) (requiring *notice* of intent to use residual hearsay exception). An accused should never be surprised when the government seeks to admit the pretrial statements by the accused that were previously disclosed to the defense. However, the defense should expect that a witness's hearsay statement will be inadmissible when they have not received notice under the residual hearsay exception and no other hearsay exception applies.

Or, put another way, there are two different ways a party can be unfairly surprised at trial. Whether or not the party is aware of the *existence* of the "surprise" evidence, the party may nonetheless be surprised by the *admissibility* of the evidence. Certainly, a party can be surprised when the opposing party offers evidence that they were unaware of and which should have been provided in discovery. But, when the rules of evidence require notice as a condition to admissibility, a party can reasonably expect that absent such notice (and good cause) the evidence will not be admissible. Appellant correctly argues that if the requirements for notice are not enforced, the effect would be to allow a type of trial by ambush. Trial by ambush is highly disfavored in the military. *See United States v. Trimper*, 28 M.J. 460, 468 (C.M.A. 1989); *United States v. Adens*, 56 M.J. 724, 735 (Army. Ct. Crim. App. 2002).

The military judge did not specifically state whether or not there was good cause to excuse the lack of notice; and having reviewed the record we see none. Instead, the military judge sought to cure the lack of notice by providing the defense counsel a recess and the opportunity to interview appellant's daughter prior to cross-examination.

---

[6] *See United States v. Gerhardt*, ACM 37946, 2013 CCA LEXIS 736 at *16 (A.F. Ct. Crim. App. 14 Aug. 2013); *United States v. Reeder*, NMCCA 9800702, 2005 CCA LEXIS 211 at *6-8 (N.M. Ct. Crim. App. 30 Jun. 2005).

As we discuss below, by providing the defense additional time before cross-examination, the ruling helped ensure that appellant was not prejudiced by the lack of notice. However, curing prejudice is not the same as preventing an error from occurring in the first instance. If, absent good cause, a rule requires a party to provide notice prior to admitting evidence, upon timely objection *it is error* to admit the evidence if there is neither notice nor good cause. Harmless error is still error.[7] In a trial, both parties may plan the presentation of their case on the assumption that each party will be held to the rules. For example, when the defense files no motions under Mil. R. Evid. 412, and the rule requires pretrial notice, the government may plan the presentation of its case under the assumption that evidence of the victim's sexual behavior or sexual predisposition will not be admitted. *See United States v. Schelmetty*, ARMY 20150488, 2017 CCA LEXIS 445 (Army Ct. Crim. App. 30 June 2017).

In the absence of both notice and good cause, it was error to admit testimony that appellant had previously hit his daughter over the defense objection.

*B. Was appellant prejudiced by the error?*

Although we find error, we do not find prejudice for several reasons.

First, the erroneously admitted evidence touched on whether appellant had ever previously hit his daughter in moments unrelated to any sexual assault. However, there was unobjected to and admissible testimony that appellant used physical violence and coercion to compel his daughter's submission to his sexual acts. Appellant's daughter testified that eighty percent of the time appellant wanted sex she would voice her opinion that "this is wrong, and I didn't want to do it anymore." In response, appellant told her he would "stop when I feel like it." On two occasions, after voicing her non-consent more forcefully appellant used physical violence, to include hitting her in the face to cause her submission. In the context of the trial, the erroneous testimony added little to the government's case and was submerged underneath the far more probative (and admissible) testimony that appellant used physical violence directly connected to the sexual assaults.

Second, as mentioned above, the military judge offered a recess for the defense to interview appellant's daughter. The defense did not need the additional time and did not take the military judge up on his offer.

Third, at trial, the defense did not claim any specific prejudice from the erroneous ruling. The defense did not claim, for example, that they had prepared

---

[7] And it goes without saying that judges cannot intentionally commit harmless errors.

their case in reliance that the evidence was not admissible; that with additional time they could have objected to the admission of the evidence under *Reynolds;*[8] that they were deprived of the ability to call witnesses to rebut the testimony; or, anything at all. That is, while we can imagine a case where the defense had detrimentally relied on the lack of notice to the prejudice of the accused, this is not that case.

Fourth, this is a case where the victim was both a minor and the daughter of the accused. "To recognize that a parent or authority figure *can* exert a moral, psychological, or intellectual force over a child is merely to recognize the obvious." *United States v. Palmer*, 33 M.J. 7, 10 (C.A.A.F. 1991) (emphasis in original). While lack of consent is an element of sexual assault under Article 120, UCMJ, and as such must be proven by the government, the analysis is different when the victim is the minor child of the accused. *See, e.g.,* Dep't of Army, Pam. 27-9, Legal Services: Military Judge's Benchbook, para. 3-45-1 n.7 (10 Sep. 2014) (instruction on constructive force for a child in Article 120, UCMJ, cases). Within the context of the case as a whole, the erroneously admitted evidence did not contribute to the verdict.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Judge SALUSSOLIA and Judge ALDYKIEWICZ concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[8] 29 M.J. 105, 109 (C.A.A.F. 1989).

6